# CIVIL DOCKET

CASE NO. __39,626__

S/M Inc., Dallas 1-800-648-7022

| NUMBER OF CASE | STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING ||| 
|---|---|---|---|---|---|---|
| | | | | Month | Day | Year |
| 39,626 | ALMA DELIA ATRIZCO-ALVAREZ A/N/F OF MINOR F.M. VS ROONEY TRUCKING | ABRAHAM CARREON Plaintiff. <br><br> Defendant. | INJURY W/MV | 05 | 18 | 2017 |
| FEE BOOK Vol. / Page | | | | Jury Demanded by <br> Jury Fee, $ <br> Paid by |||

| DATE OF ORDERS ||| ORDERS OF COURT | Minute Book || PROCESS |
|---|---|---|---|---|---|---|
| Mo. | Day | Year | | Vol. | Page | |

A TRUE COPY
of the original hereof, I certify
DEBRA ABSTON
District Court Clerk
Titus County, Texas

This 23rd day of May 20 17

By _Janice Buchanan_
Deputy Clerk

EXHIBIT 2 - Page 1

39626

Titus County - District Clerk

Filed: 5/18/2017 2:20:34 PM
Debra Abston
District Clerk
Titus County, Texas

Sharolyn Redar

CAUSE NO.: _____

| | | |
|---|---|---|
| ALMA DELIA ATRIZCO-ALVAREZ | § | IN THE DISTRICT COURT |
| A/N/F of MINOR, F.M. | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | _____ JUDICIAL DISTRICT |
| ROONEY TRUCKING, INC. AND | § | |
| JOHN DOE, AS PERSONAL | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF BRADLEY RAY FARMER | § | |
| *Defendants* | § | TITUS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

1. Plaintiff, Alma Delia Atrizco-Alvarez, as next of friend of minor, F.M. ("Plaintiff"), files this lawsuit complaining of the Rooney Trucking, Inc. ("Rooney") and JOHN DOE as personal representative of the estate of Bradley Ray Farmer ("Farmer") and would respectfully show the Court as follows:

## I.
## PARTIES

2. Plaintiff, Alma Delia Atrizco-Alvarez and minor, F.M., reside at 406 W. 5th St., Mount Pleasant, TX 75455.

3. Defendant John Doe, as personal representative of the estate of Bradley Ray Farmer, whose identity has not yet been determined at the filing of this lawsuit. **Issuance of citation is not requested at this time.**

4. Defendant, ROONEY TRUCKING, INC. ("ROONEY") is a Missouri corporation engaged in and doing business in Texas. It has not designated and does not maintain a registered agent for service of process in Texas as required by §5.201 of the Texas Business Organizations Code. Thus,

Plaintiff's Original Petition

A TRUE COPY
of the original hereof, I certify
DEBRA ABSTON
District Court Clerk
Titus County, Texas
This 23 day of May 20 17
By Janice Buchanan
Deputy Clerk

Page -1-

EXHIBIT 2 - Page 2

pursuant to §5.251 of the Texas Business Organizations Code, the secretary of state is the designated agent for service of process for this entity. Accordingly, it may be served with substituted service of process in the manner prescribed in §5.252 of the Texas Business Organizations Code by serving the Secretary of the State of Texas, Service of Process, P.O. Box 12079, Austin, Texas 78711-2079. The Secretary of State can serve Defendant ROONEY with process by serving registered agent, Patrick T. Rooney, at 6035 S. Highway 13, Polo, Missouri 64671. **Issuance of citation is requested at this time.**

## II.
## DISCOVERY CONTROL PLAN

5. Plaintiff submits this action under Discovery Control Plan Level II, per Rule 190.3 of the Texas Rules of Civil Procedure.

## III.
## RELIEF

6. Plaintiff seeks monetary relief over $1,000,000.

## IV.
## VENUE

7. All or a substantial part of the events giving rise to this claim occurred in Titus County therefore venue is proper in Titus County pursuant C.P.R.C. § 15.002(a)(1), (a)(2) and 15.005.

## V.
## FACTUAL BACKGROUND

8. On or about March 23, 2017, F.M. was the passenger of a school bus that was making its way back to Mount Pleasant High School after a sporting event. The school bus was traveling south on US 271. Defendant Farmer was operating a tractor-trailer traveling north on US 271 when he unexpectedly crossed over into incoming traffic and collided with the front-end of the school bus. After this first collision, Defendant continued north still in the oncoming traffic lane and collided

with a second vehicle causing that person to die. The tremendous impact between tractor-trailer and school bus caused Plaintiff to suffer serious injuries including losing consciousness for several hours. Due to the severity of F.M.'s injuries, he was transported by helicopter to a medical facility.

## VI.
## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Negligence*

9.  At the time and place in question, Rooney, by and through its employee and/or permissive driver, Farmer, was guilty of the following separate acts of negligence, each of which, singularly or in combination, were a proximate cause of the injuries, harms and losses alleged herein. Additionally, in the event it is determined that Farmer is not an employee of Rooney, then he was a permissive operator and/or statutory employee of the tractor trailer owned or leased by Rooney and was using it with Rooney's knowledge, consent and approval. Further, Farmer was guilty of negligence for the following reasons:

(a) Failing to maintain a proper lookout as a person using ordinary care would have done;

(b) Failing to take evasive action as a person using ordinary care would have done;

(c) Failing to operate the commercial motor vehicle as a reasonably prudent person would have done under the same or similar circumstances;

(d) Failing to heed traffic laws as a person using ordinary care would have done under the same or similar circumstances;

(e) Failing to ensure that he could stop safely prior to violently colliding with Plaintiff's vehicle;

(f) Failing to control his speed;

(g) Failing to timely apply his brakes;

 (h) Failing to take appropriate action to avoid the wreck such as a reasonably prudent person would have done under the same or similar circumstances.

10. Plaintiff would show that Rooney's omissions or acts through their officers, employees, or agents, as set forth herein and otherwise, constitutes negligence, each and all of which were a proximate cause of the crash and Plaintiff's resulting injuries, harms and losses. These acts and/omissions include but are not limited to the following:

 (a) Failing to develop and implement policies and procedures relating to the safe use of company vehicles by inexperienced employee driver's or inexperienced permissive drivers or hired hands over whom it exercised control;

 (b) Failing to adequately and/or properly train and supervise its employee drivers and/or permissive drivers and/or hired hands over whom it exercised control;

 (c) Failing to ensure that its employees, inexperienced permissive drivers and/or hired hands over whom it exercised control had the requisite amount of experience to operate a company vehicle;

 (d) Failing to adequately manage, direct, and/or supervise its employees, permissive drivers and/or hired hands over whom it exercised control;

 (e) Failing to adequately manage, direct, and/or supervise its management personnel, including employees, permissive drivers or hired hands;

 (f) Failing to exercise reasonable care in the supervision of employees, permissive drivers and/or hired hands over whom it exercised control;

 (g) Failing to reasonably exercise the supervisory right of its employees, permissive drivers and/or hired hands over whom it exercised control;

 (h) Failing to stop its employees, permissive drivers and/or hired hands over whom it exercised control from operating company vehicles in an unsafe manner and failing to instruct employees, permissive drivers and/or hired hands over whom it exercised control to operate company vehicles in a manner that would have prevented the serious injuries sustained by Plaintiff on the date of the wreck;

 (i) Failing to comply with its policies and procedures relating to conducting safety meetings with its employees, permissive drivers and/or hired hands over whom it exercised control;

(j) Failing to properly implement Job Safety Analysis ("JSAs") relating to the safe operation of company vehicles for its employees, permissive drivers and/or hired hands over whom it exercised control;

(k) Failing to ensure a competent, adequately trained and experienced employee, permissive driver and/or hired hand over whom it exercised control, was operating the subject company vehicle prior to and on the date of the wreck;

(l) Failing to ensure a competent supervisor or other worker was assigned and was working at all times to safely monitor its employees, permissive drivers and/or hired hands over whom it exercised control, to ensure employees, permissive drivers and/or hired hands over whom it exercised control;

(m) Failing to require its agents, servants, employees, permissive drivers and/or hired hands over whom it exercised control could properly and safely operate company vehicles on the date of the wreck;

(n) Failing to have policies and procedures in place that would prevent its employees,

permissive drivers and/or hired hands over whom it exercised control from using a cell phone or other electronic device while attempting to operate a company vehicle;

(o) Failing to develop and/or implement a post-accident drug testing policy for its employees, permissive drivers and/or hired hands over whom it exercised control;

(p) Failing to perform a post-accident drug test or take other remedial action relating the Defendant Farmer after the wreck;

(q) Failing to implement and enforce a "distracted driver" policy to ensure that its employees, permissive drivers and/or hired hands over whom it exercised control would not operate a company vehicle while operating any electronic device or otherwise being distracted while driving, including cell phones, personal digital devices, iPad, iPhones or other electronic devices;

(r) Failing to ensure that a safety meeting occurred prior to Defendant Farmer's operation of the company vehicle on the date of the wreck;

(s) Failing to keep records in compliance with its document retention policy;

(t) Failing to conduct a proper road test of Farmer per the applicable Federal Motor Carrier Safety Regulations ("FMCSR");

(u) Committing other acts and/or omissions of negligence, which will be specified at the time of trial.

EXHIBIT 2 - Page 6

11. All of the above identified acts or omissions on the part of Rooney and/or its agents, servants, employees, permissive drivers and/or hired hands over whom it exercised control, including Farmer, was or were a proximate cause of the wreck that makes the basis of this lawsuit and the resulting injuries, harms and losses sustained by the Plaintiff.

12. Plaintiff would show that each of the foregoing acts and/or omissions constituted negligence and that one, more than one, or all of such acts and/or omissions and various combinations thereof were a proximate cause of the wreck, and the serious, debilitating and life altering injuries, harms and losses sustained by Plaintiff.

## SECOND CAUSE OF ACTION
### *Negligent Entrustment*

13. Plaintiff alleges that Rooney negligently entrusted the tractor trailer truck involved in this incident to Farmer. Defendant Rooney exercised control of whom was allowed to operate the tractor trailer Farmer was permissively operating at the time of the incident. Plaintiff asserts that Rooney entrusted the tractor trailer to Farmer on the date of the incident, that Farmer was an unlicensed, incompetent or reckless driver at the time of the entrustment, that Rooney knew or should have known Farmer was an unlicensed, incompetent, or reckless driver, that Farmer was negligent in causing the incident and that Farmer's negligence in causing the incident was a proximate cause of Plaintiff's injuries, harms and losses.

## VII.
## OTHER PLEAS

### *Statutory Employee*

14. At all times material to this cause of action, Farmer was for all purposes a statutory employee of Rooney as contemplated by both the Federal Motor Carrier Safety Responsibility Act ("FMCSR")

and Texas statutes. An employer, as defined by FMSCR, "means any person engaged in a business affecting interstate commerce who owns or leases a commercial motor vehicle in connection with that business…" 49 C.F.R. § 390.5 (1997). Texas has incorporated, by reference, Parts 382, 385, 386, 390-393, and 395-397 of the Federal Motor Carrier Safety Regulations. *See* 37 Tex. Admin. Code § 3.62(a) (1996) ("The director of the Texas Department of Public Safety incorporates, by reference, the Federal Motor Carrier Safety Regulations, Title 49, Code of Federal Regulations, Parts 382, 385, 386, 390-393, and 395-397 including amendments and interpretations thereto." Rooney is thereby vicariously liable for the negligent actions of Farmer.

*Respondent Superior*

15. At all times relevant hereto, Farmer, was in the course and scope of his employment with Rooney and/or one of the companies owned or controlled by Rooney and/or was under Rooney's supervision, direction and control as a permissive operator of the truck he was operating and/or the statutory employee of Rooney at the time of the wreck, thereby rendering Rooney vicariously liable for the actions of its employee and/or permissive user and/or hired hand and/or statutory employee, Farmer.

## VIII.
## DAMAGES

16. Minor, F.M., suffered serious injuries when he was violently struck head-on by the 18 wheeler being operated by Farmer. As a result of this incident, Plaintiff sustained injuries, harms and losses which include, but are not limited to: physical pain and mental anguish sustained in the past and that, in reasonable probability, will be sustained in the future; physical impairment sustained in the past and that, in reasonable probability, will be sustained in the future; disfigurement sustained in the past and that, in reasonable probability, will be sustained in the future; loss of

earning capacity in the past and that, in reasonable probability, will be sustained in the future, medical care expenses in the past and that, in reasonable probability, will be sustained in the future and loss of household services sustained in the past and that, in reasonable probability, will be sustained in the future.

## IX.
## EXEMPLARY DAMAGES

17. The conduct of the Defendants, entitle the Plaintiff to recover exemplary damages, under TEX.CIV.PRAC. & REM. CODE ANN. § 41.003, against Defendant.

## X.
## JURY DEMAND

18. Plaintiff hereby respectfully requests that a jury be convened to try the factual issue of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiff have a judgment against Defendants, for all damages described above and in the full amounts allowed by law, as well as the following:

    a. A judgment in excess of the jurisdictional limits of this Court;

    b. pre-judgment interest;

    c. post-judgment interest;

    d. court costs and expenses; and

    e. all such other relief, whether at law or in equity, to which Plaintiff may show themselves justly entitled.

Respectfully submitted,

**LAW OFFICE OF GARCIA & DUBOVE, PC**

*/s/ Abraham Carreon*
Abraham Carreon
Texas State Bar No. 24100077
510 SSW Loop 323, Ste 330
Tyler, TX 75702
Telephone: (903) 593-4545
Facsimile: (903) 593-3474
Email: acarreon@dgley.com

**ATTORNEY FOR PLAINTIFF**

```
                        CAUSE NO.                              39626
===================================================================
     IN   THE   DISTRICT   COURT   OF   TITUS   COUNTY,   TEXAS

                              ATTORNEY FOR PLAINTIFF OR PLAINTIFF

DEBRA ABSTON, DISTRICT CLERK        ABRAHAM CARREON              *
P.O. BOX 492-COURTHOUSE ANNEX       510 SSW LOOP 323, STE 330    *
MT. PLEASANT, TEXAS 75456-0492      TYLER, TX 75702              *

===================================================================
         C I T A T I O N   F O R   P E R S O N A L   S E R V I C E
===================================================================
```

THE STATE OF TEXAS

NOTICE TO DEFENDANT:
YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU.

To: THE SECRETARY OF STATE  
P.O. BOX 12079  

AUSTIN, TX 78711-2079

TO: **PATRICK T. ROONEY**  
**6035 S. HWY 13**  
**POLO, MO 64671**

DEFENDANT - GREETINGS:
You are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court of TITUS County, Texas at the Courthouse of said County in TITUS, Texas.

Said ORIGINAL petition was filed in said court, on the 18th day of May A.D., 2017 in this cause, numbered 39626 on the docket of said court & styled:

ALMA DELIA ATRIZCO-ALVAREZ          VS      ROONEY TRUCKING, INC AND JOHN
A/N/F OF MINOR, F.M.                        DOE, AS PERSONAL REP OF THE
                                            ESTATE OF BRADLEY RAY FARMER

The nature of this demand is fully shown by a true and correct copy of the petition, accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said court at Mt. Pleasant Texas County the 22nd day of May A.D., 2017.

DEBRA ABSTON, CLERK  
76th/276th DISTRICT COURT  
TITUS COUNTY, TEXAS  

BY _Sharolyn Reder_, Deputy

---

SHERIFF'S RETURN

Came to hand the _____ day of _____ A.D. 2_____, at _____ o'clock ___ m., and executed at _____, within the County of _____ at _____ o'clock ___ m. on the _____ day of _____, 2_____, by delivering to the within named _____, in person, a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.

Total Service Fee $_____  
DEPUTY:_____

A TRUE COPY  
of the original hereof, I certify  
DEBRA ABSTON  
District Court Clerk  
Titus County, Texas  

This 23rd day of May 2017  
By _____  
Deputy Clerk

_____COUNTY, TEXAS

EXHIBIT 2 - Page 11

## District Clerk

**From:** District Clerk <districtclerk@co.titus.tx.us>
**Sent:** Monday, May 22, 2017 11:47 AM
**To:** 'acarreon@dgley.com'
**Subject:** Citation - 39626
**Attachments:** AAAALKT6.TIF

Copy of Citation you requested for Patrick Rooney.

This Copy can be used for Service

This email contains 1 files with a total of 1 pages.

Note: Page counts are derived from images and PDF files. Other file types are counted as one page each.

Attachments: AAAALKT6.TIF
Total size of attachments: 42 KB

A TRUE COPY
of the original hereof, I certify,
DEBRA ABSTON
District Court Clerk
Titus County, Texas
This 23rd day of May, 2017
By_____
      Deputy Clerk

1

EXHIBIT 2 - Page 12